IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COMMUNITY OF CHRIST<br>COPYRIGHT CORPORATION, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEVON PARK RESTORATION<br>BRANCH OF JESUS CHRIST'S<br>CHURCH, et al.,<br><br>Defendants. | Case No. 08-00906-CV-W-GAF |

## ORDER AND JUDGMENT

Presently before the Court is Plaintiffs Community of Christ Copyright Corporation and Community of Christ a/k/a Reorganized Church of Jesus Christ of Later Day Saints's (collectively "Plaintiffs"), Statement of Attorneys' Fees. (Doc. #119). Pursuant to the Court's January 14, 2010, Order (Doc. #117) granting Plaintiffs' Motion for Summary Judgment, Plaintiffs have submitted evidence supporting their claim for reasonable attorney fees in the amount of $348,184.19. (Doc. #119). Defendants Devon Park Restoration Branch of Jesus Christ's Church ("Devon Park") and David McLean ("Mr. McLean") (collectively "Defendants") oppose. (Doc. #125). For the reasons set forth below, Plaintiffs' request for attorney fees in the amount of $348,184.19 is **GRANTED**.

## DISCUSSION

**I.   FACTS AND THE PARTIES RESPECTIVE POSITIONS**

In the Court's January 14, 2010, Order granting Plaintiffs' Motion for Summary Judgment, the Court found this case was "exceptional" within the meaning of 15 U.S.C. § 1117(a), and held Defendants liable for Plaintiffs' attorneys fees because of Defendants' intentional and willful

1

infringement of the marks-in-suit. (Doc. #117). Pursuant to the aforementioned Order, Plaintiffs' have now submitted their Statement of Attorneys' Fees evincing their legal costs incurred as a result of this action. (Doc. #119). Attached to Plaintiffs' Statement of Attorneys' Fees is the Declaration of Mark M. Iba ("Mr. Iba"), a partner in the law firm of Stinson Morrison Hecker LLP and one of Plaintiffs' primary attorneys in the present action. (Declaration of Mark M. Iba ("Declaration"), ¶1-4). Mr. Iba's Declaration sets forth a detailed description of the attorneys who worked on Plaintiffs' case, the hours they worked on the case, and their hourly rate for work performed. *See generally* Declaration. The table below summarizes the pertinent information contained in the Declaration:

| NAME/POSITION | HOURS WORKED | AVG. HOURLY RATE | TOTAL FEES |
| --- | --- | --- | --- |
| Mr. Iba (attorney) | 498.80 | $293.00 | $146,242.95 |
| J. David Wharton (attorney) | 96.00 | $378.00 | $36,337.50 |
| Elizabeth A. Tassi (attorney) | 781.20 | $169.00 | $132,556.59 |
| Kerry D. Mooneyham (paralegal) | 201.10 | $144.00 | $29,058.95 |
| Nancy M. Steele (paralegal) | 27.60 | $144.00 | $3,988.20 |
| **TOTAL** | **1,604.70** | **N/A** | **$348,184.19** |

*See generally* Declaration. Mr. Iba also explains that the average hourly rate of each individual above was significantly reduced from typical rates due to Plaintiffs' status as a non-profit, religious institution. (Declaration, ¶¶ 5, 7, 8, 9, 10). Finally, Mr. Iba attests that the average hourly rate of each individual above is fair and reasonable given each individual's level of experience and typical for the Kansas City area. *Id.*

In response to Plaintiffs' Statement of Attorneys' Fees, Defendants: (1) attempt to have the Court reconsider its finding that the case is "exceptional," thus warranting an award of attorney fees; (2) argue an award of attorney fees would be improper because (i) Defendants are of modest means and (ii) "Defendants' own attorneys' fees are dwarfed in comparison" to Plaintiffs' alleged fees; and (3) argue the Court is without power to determine if Plaintiffs' proposed attorney fees are reasonable and necessary unless the Court forces Plaintiffs to submit each time entry for all time billed and then scours such time entries with an eye toward finding and eliminating any seemingly duplicate or unnecessary billing. (Doc. #125). Each point is addressed below.

## II.     LEGAL STANDARD

15 U.S.C. § 1117 addresses awards in cases where a violation of trademark law has been established. Section 1117(a) states that in exceptional cases, a court "may award reasonable attorney fees to the prevailing party." As stated above, the Court has found this case to be "exceptional." (Doc. #117).

## III.    ANALYSIS

### A.     Reconsideration of the Finding that this is an "Exceptional Case"

Defendants spend more than five pages of their ten-page brief arguing the present case is not an "exceptional case" under § 1117(a). Defendants' request for reconsideration is an improper response to Plaintiffs' Statement of Attorneys' Fees. Further, Defendants' request for reconsideration is meritless. Defendants offer nothing more than repetitious arguments recycled from their suggestions in opposition to Plaintiffs' Motion for Summary Judgment. (Doc. # 107). The matter has already been fully considered by the Court, and the Court's finding that this case is "exceptional" under § 1117(a) stands.

**B.     Defendants' Means and the Overall Amount of Plaintiffs' Requested Fees**

Defendants argue they should not be forced to compensate Plaintiffs for legal fees because Devon Park is "a very small non-profit religious branch with few corporate assets" and Mr. McLean is "an individual of relatively modest means." (Doc. #125, p. 9). Defendants further argue Plaintiffs' proposed attorney fees are exaggerated, stating Defendants' "own attorneys' fees are dwarfed in comparison, reaching just a little over half the amount sought by [Plaintiffs'] attorneys."

The Court is well aware of Defendants' status. However, Defendants' intentional and willful infringement of Plaintiffs' protected rights in the marks-in-suit drastically decreases the efficacy of Defendants' pleas for sympathy. Defendants' unfortunate choices caused this case to become "extraordinary." Defendants brazenly chose to send a letter to Plaintiffs informing them Defendants were using Plaintiffs' marks and would continue to do so in the future. This decision was made despite knowing Plaintiffs had taken action to enforce their trademark rights against others similarly situated, with full knowledge that Defendants did not have Plaintiffs' permission, and with intent to have potential church members believe Devon Park was associated with Plaintiffs. *See* Doc. #117. Subsequently, Defendants chose to vigorously defend their meritless claims of entitlement to the marks-in-suit. Defendants admit knowing the heavy cost of litigation, and it should come as no surprise to them that Plaintiffs were forced to expend substantial sums to maintain their rights to the marks-in-suit. Further, viewing their actions in retrospect, it should come as no surprise to Defendants that they must compensate Plaintiffs for the cost of Plaintiffs' legal fees.

**C.     The Necessity to Examine Plaintiffs' Attorneys' Individual Time Entries**

Lastly, Defendant argues the Court is without power to determine if Plaintiffs' proposed attorney fees are reasonable and necessary unless the Court forces Plaintiffs to submit each time entry for all time billed and then scours such time entries with an eye toward finding and eliminating any seemingly duplicate or unnecessary billing. The Court rejects this argument.

Defendant does not present any evidence Plaintiffs' proposed attorney fees are unreasonable. They do not argue that the rates Plaintiffs' firm charged are too high for individuals with similar skills in this locality. Instead, Defendant simply wishes the Court to peruse countless time entries to determine if some small portion of the proposed fees might be disregarded as unnecessary or repetitions. It has been said that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Analogously, judges should not be forced to sift through countless time entries in an effort to fractionally decrease an award of attorney fees that otherwise seems fair and reasonable.

## CONCLUSION

Plaintiffs have demonstrated their proposed legal fees are fair, reasonable, and necessarily incurred to defend their rights in the marks-in-suit. Defendants have failed to present any evidence to the contrary. Therefore, Plaintiffs' request for reasonable attorney fees in the amount of $348,184.19 is **GRANTED**. Accordingly, it is

**ORDERED** that a **JUDGMENT** against Defendants in the amount of $348,184.19, representing Plaintiffs' fair and reasonable attorney fees, is awarded to Plaintiffs. Defendants shall remit payment to Plaintiffs' counsel within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                                                                                                 <u>s/ Gary A. Fenner</u>  
                                                                                                 Gary A. Fenner, Judge  
                                                                                                 United States District Court

DATED:  **March 24, 2010**